1   SCHONBRUN, DE SIMONE, SEPLOW, HARRIS,
         HOFFMAN & HARRISON
2   PAUL HOFFMAN    SBN 71244
    CATHERINE SWEETSER    SBN 271142
3   732 Ocean Front Walk
    Venice, CA 90291
4   t. 310 396-0731   f. 310 399-7040
    e. hoffpaul@aol.com
5   e. catherine.sdshhh@gmail.com

6   LAW OFFICE OF CAROL A. SOBEL
    CAROL A. SOBEL SBN 84483
7   3110 Main Street, Suite 210
    Santa Monica, CA 90405
8   t. 310 393-3055   f. 310 451-3858
    e. carolsobel@aol.com
9

10

11

12                    UNITED STATES DISTRICT COURT

13        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

14   WILLIAM GAGAN, SHAWN NEE ;        ) CASE NO. 13-08088-DSF
                                       )                    (SS)
15             Plaintiffs,             ) ACTION FOR DAMAGES,
                                       ) INJUNCTIVE AND
16   CITY OF LOS ANGELES, CHIEF        ) DECLARATORY RELIEF;
     CHARLIE BECK, individually and in his ) JURY DEMAND
17   official capacity, LIEUTENANT GAVIN, )
     SERGEANT RUDY VIDAL, OFFICER      ) CIVIL RIGHTS:
18   FOSTER, OFFICER PALMER, DOES 1-   )
     10                                ) 42 U.S.C §1983:
19                                     ) FIRST AMENDMENT
               Defendants.             ) FOURTH AMENDMENT
20   _____ ) FOURTEENTH AMENDMENT

21                                     CALIF. CONSTITUTION,
                                          ARTICLE I, §§2,3,13
22                                     CA CIVIL CODE §52.1
                                       FALSE ARREST
23                                     NEGLIGENCE
                                       PRIVACY PROTECTION ACT
24

25

26

27

28

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (in that they arise under the Constitution of the United States), § 1343(a)(3) (in that they are brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution), § 1343(a)(4) (in that they seek to secure equitable relief under 42 U.S.C. § 1983), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims herein occurred in this District.

3. This Court has the authority to grant damages, declaratory and injunctive relief, and any other appropriate relief pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**INTRODUCTION**

4. Mr. Gagan was wrongfully arrested and incarcerated by the Los Angeles Police Department on September 29, 2012. This arrest occurred due solely to the fact that Mr. Gagan was observing and photographing the detention and arrest of several people in Van Nuys. Mr. Gagan was not interfering with the police investigation or detention in any way.

5. Similarly, Mr. Nee was taken into custody, handcuffed and transported to the police station on June 2, 2013. This arrest occurred due solely to the fact that Mr. Nee was observing and photographing the police as they questioned several individuals. Mr. Nee was not interfering with the police's activities in any way.

6. At the time of each incident, both Mr. Gagan and Mr. Nee were approximately 80 to 90 feet from where the officers were conducting their investigations, with physical barriers between them and the investigation.

7. Their arrests were pursuant to the custom, practice, and policy of the Los Angeles Police Department of threatening "citizen" photographers and journalists who attempt to record public police activity, and arresting and detaining those photographers and journalists.

8. The intimidation and detention of persons recording police activity prevents the public from monitoring police behavior and determining whether the police are complying with the law.

## PARTIES

9. William Gagan was at the time a resident of the City and County of Los Angeles.

10. Shawn Nee was at the time a resident of the City and County of Los Angeles.

11. Defendant City of Los Angeles is, and at all times relevant herein was, a municipal entity duly organized under the laws of the State of California, with the capacity to sue and be sued. The City is a Charter City and subject to the Charter and the City Administrative Code. The Los Angeles Police Department is a subdivision of the City of Los Angeles. The City is sued on the basis of its policies, customs and/or practices which gave rise to plaintiffs' federal civil rights claims, as well as on the basis of *respondeat superior* for the state law claims.

12.    Chief Charlie Beck is the head of the Los Angeles Police Department. He is a policy maker for the Los Angeles Police Department and the City of Los Angeles

1   on the issues raised by plaintiffs' claims.  Beck ratified and/or condoned the

2   policies, practices and customs which caused the arrest and detention of plaintiffs,

3   the seizure of plaintiffs' recording equipment, and the deletion of Plaintiff Gagan's

4   videos, as complained of herein.

5

6   13.    Lieutenant Gavin is a supervisor in the Los Angeles Police Department. At

7   the time of Mr. Gagan's arrest, he was the watch commander on duty.  He

8   personally ordered Mr. Gagan to move along when Mr. Gagan was filming police

9   activity from behind a locked gate on a public sidewalk, and then arrested Mr.

10   Gagan when Mr. Gagan asserted his right to film police activity. On information

11   and belief, Lt. Gavin is the individual who deleted plaintiff Gagan's video of the

12   incident, including Gagan's encounter with Lt. Gavin, from plaintiff's cell phone.

13

14   14.    Sergeant Rudy Vidal is a supervisor in the Los Angeles Police Department.

15   At the time of Mr. Nee's detention, he was assigned to patrol in the Hollywood Area

16   station.  He personally ordered Mr. Nee to be taken into custody and transported in

17   handcuffs to Wilcox Station when Mr. Nee was on a public sidewalk, filming police

18   activity from a distance of approximately 90 feet, across several backyards.

19

20   15.    Officer Foster and Officer Palmer are police officers who detained and

21   arrested Mr. Nee for photographing police officers from a public sidewalk and in

22   retaliation for Mr. Nee's assertion of his first amendment rights.  Plaintiff does not

23   know the first names of Officer Foster or Officer Palmer at this time.

24

25   16.    Does 1-10 are other police officers present at the location of plaintiffs'

26   detention or at the police station who caused, participated in, and/or failed to

27   intervene to prevent Mr. Gagan and Mr. Nee's arrests and detentions and the seizure

28   of their recording equipment.  Plaintiffs are ignorant of the true names and/or

1  capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore
2  sue said defendants by such fictitious names.  Plaintiffs will amend this complaint
3  to allege their true names and capacities when ascertained.

4

5  17.    Each of the defendants, including defendants DOES 1 through 10, caused,
6  and is responsible for, the unlawful conduct and resulting injuries suffered by
7  plaintiffs and the class they represent by, among other things, personally
8  participating in the unlawful conduct, or acting jointly, or conspiring with others
9  who did so; by authorizing, acquiescing in, or setting in motion policies, plans or
10  actions that led to the unlawful conduct; by failing to take action to prevent the
11  unlawful conduct; by failing and refusing with deliberate indifference to Plaintiff's
12  rights to initiate and maintain adequate training and supervision; by failing to enact
13  policies to address the First Amendment rights of citizen "journalists" despite the
14  obvious need for such a policy; and by ratifying the unlawful conduct that occurred
15  by agents and officers under their direction and control, including failing to take
16  remedial or disciplinary action.

17

18  18.    In doing the acts alleged herein, defendants, and each of them, acted within
19  the course and scope of their employment.

20

21  19.    In doing the acts and/or omissions alleged herein, defendants, and each of
22  them, acted under color of authority and/or under color of law.

23

24  20.    In doing the acts and/or omissions alleged herein, defendants, and each of
25  them, acted as the agent, servant, employee and/or in concert with each of said other
26  defendants.

27

28

1          **STATEMENT OF FACTS**

2    21. On September 29, 2012, Mr. Gagan observed police officers arresting a number

3    of people in a parking lot at 7330 Van Nuys Boulevard. At the time Mr. Gagan

4    came upon the scene, there were two police units present. Mr. Gagan believed that

5    the men being arrested were Latino and thought that he might be witnessing an

6    instance of racial profiling. Mr. Gagan remained on the public sidewalk and began

7    filming the police with his cell phone. He was separated from the police by a metal

8    fence and a large parking lot. He was at least eighty feet away from the arrests.

9

10   22.     Mr. Gagan remained in this location, behind the fence, for several minutes,

11   filming without interruption. A police officer asked Mr. Gagan whether he knew the

12   men being arrested shortly after Mr. Gagan first began filming the scene. Mr.

13   Gagan replied that he did not know them and he was just filming. That officer did

14   not give Mr. Gagan any orders and responded only, "Just filming? Check you out."

15   The officer then walked away from Mr. Gagan. There was nothing in this

16   interaction to indicate that Mr. Gagan was interfering with police activity.

17

18   23.     Some minutes later, Lieutenant Gavin arrived on the scene and came up to

19   Mr. Gagan and told him "Move along." Mr. Gagan responded that he had a right

20   to be on a public sidewalk. Lieutenant Gavin said he was blocking the sidewalk and

21   that he had to move along. Mr. Gagan, starting to move away down the sidewalk,

22   responded, "Look, I'm walking." Lieutenant Gavin repeated that he had to move

23   along and then arrested Mr. Gagan and took his cell phone.

24

25   24.     At the time of his arrest, Mr. Gagan was on Van Nuys Boulevard, a major

26   thoroughfare in the City with wide sidewalks. Another member of the public was

27   standing on the sidewalk observing the arrest, a few feet away from Mr. Gagan. He

28   was not filming the officers and was not arrested for blocking the sidewalk.

25.     There was no lawful basis to believe that Mr. Gagan was interfering with police activity or blocking the sidewalk.  No one was blocked from passing freely on the sidewalk.

26.     Lieutenant Gavin used force and intimidation to arrest Mr. Gagan.  Mr. Gagan had begun to move along when Lieutenant Gavin grabbed Mr. Gagan by the arm and by the hand where he was holding his camera-phone.  Lieutenant Gavin took away Mr. Gagan's camera-phone by force.  Lieutenant Gavin and another officer then forcefully pulled Mr. Gagan off of his bike and pushed him against a nearby police car.  Mr. Gagan was scared and intimidated by these actions.

27.  Lieutenant Gavin and the other officer searched Mr. Gagan, tightly handcuffed him, placed him into a patrol car, and drove him to the Van Nuys station.  When Mr. Gagan arrived at the station, he was given an inventory list of the property he had with him.  Mr. Gagan realized that his cell phone, which was in Lieutenant Gavin's possession, was not on the list.  Mr. Gagan refused to sign the property list until his cell phone was located.  After a short while, the cell phone was produced and booked.

28.     Mr. Gagan was charged with a misdemeanor, Penal Code 148(a). He was not released after booking on his own recognizance; instead, bail was set at $10,000.

29.     Mr. Gagan was arraigned on October 1, 2012, at 8:30 AM.  He was released by Los Angeles Sheriff's Department deputies approximately two hours after he was arraigned only because of overcrowding at the county jail, to which he was being transferred after his arraignment.  Ultimately, all charges against Mr. Gagan were dismissed following his first post-arraignment appearance.

30. When Mr. Gagan's cell phone was returned to him, all of the video he had taken that night was deleted.

31.    Mr. Gagan was later able to recover two videos taken that night using special software for the recovery of deleted files.

32.    Lieutenant Gavin targeted Mr. Gagan because he was recording the police. Lieutenant Gavin arrested Plaintiff in retaliation for videotaping the police and for asserting his First Amendment rights. Lieutenant Gavin also wrongfully seized Plaintiff's cell phone and deleted the videos he had taken that night.

33.  Mr. Gagan had intended to publish the video he was taking that night on YouTube, where he was active in publishing instances of both police and protestor conduct. Mr. Gagan is an independent "citizen" journalist who had been covering police brutality and local activism for over a year before this incident.  Since the events recounted in this incident, Mr. Gagan has been too afraid to videotape or post videos of the police.

34. On June 2, 2013, Shawn Nee was working on a book project documenting the life of a homeless person in Los Angeles. Mr. Nee was visiting a homeless friend of his and photographing and recording the events in his life. His friend was in a van parked on a public street, and Mr. Nee was standing next to the van on the public sidewalk.

35.  While Mr. Nee was standing on the sidewalk, the police arrived at a building located approximately 90 feet away from Mr. Nee. Mr. Nee was on a perpendicular street, separated from the officers by two fences which enclosed the backyard of another residence.  The police began talking to an acquaintance of Mr. Nee's and

8

1  to her neighbors.  Mr. Nee began photographing and recording the public activity
2  of the police.

3

4  36.  When the police became aware that Mr. Nee was photographing them, Officer
5  Foster and Officer Palmer approached Mr. Nee from the other side of the fence and
6  asked him to identify himself and why he was photographing.  Mr. Nee said that he
7  was working. Officer Foster asked who he worked for.  Officer Foster and Officer
8  Palmer then came around the fence and detained and handcuffed Mr. Nee.  Mr. Nee
9  identified himself to the officers, providing his full name and date of birth.  He also
10 told Officer Foster that he had the right to take photographs from a public sidewalk.

11

12 37.  The officers ran Mr. Nee's information at the site and found no warrants or
13 other reasons to detain Mr. Nee.  Nonetheless, they continued to detain and
14 handcuff Mr. Nee.  After Office Palmer detained Mr. Nee, Officer Foster kicked
15 Nee's bag with his recording equipment in it.

16

17 38.  When Sergeant Vidal arrived at the location, Officer Foster told the sergeant
18 that Nee was "talking all this nonsense" about his First Amendment rights. Nee told
19 Sergeant Vidal that he thought he was being detained for taking photographs in a
20 public space. When questioned further by Sergeant Vidal, Nee asserted his right to
21 remain silent.

22

23 39. In response to Nee's assertion of his right to remain silent and in retaliation for
24 invoking his constitutional rights, Vidal ordered the officers present to take Nee into
25 custody for "interfering."  There was no probable cause to believe that Nee had
26 committed any act constituting "interference" pursuant to Penal Code 148 and
27 Sergeant Vidal knew this when he ordered Nee taken into custody in retaliation for
28 the exercise of his constitutional rights.  At no time did Nee come closer than

9

1  approximately 90 feet to the area where the police investigation was taking place.

2

3  40.  At the Wilcox station, Nee was handcuffed to a bench until he was taken into
4  an interrogation room and questioned by a detective.  Nee was in custody for
5  approximately one and one-half hours before he was released with no charges filed.
6  Throughout most of that time, he was handcuffed.

7

8  **MONELL ALLEGATIONS**

9  41.  The Los Angeles Police Department has a custom and practice of deterring
10 independent photographers and members of the public from recording the police by
11 intimidating, threatening, detaining, and arresting them.  There is an endemic
12 custom and practice inside the police department of harassing, arresting,
13 intimidating, and using force against independent journalists and members of the
14 public who attempt to videotape or otherwise record police activity.

15

16 42.  The city was on notice prior to September 29, 2012, that members of the police
17 department were illegally harassing and, in some instances, arresting photographers
18 and journalists, but did nothing to stop this conduct by its officers. .

19

20 43.  Following the assault on journalists at the Democratic National Convention in
21 Los Angeles in 2000, the City agreed to settle a lawsuit, *Crespo v. City of Los*
22 *Angeles,* by establishing a specified area at protests and other significant incidents
23 for credentialed journalists employed by media organizations.  Despite the
24 agreement to adopt such a policy, the police again assaulted journalists during an
25 unlawful action to disperse a lawful protest on May 1, 2007, in Mac Arthur Park.
26 After this incident, the LAPD again agreed to implement the settlement in *Crespo*
27 and provide a specific location from which the media could observe police activity
28 in public places.  The City's existing policy fails to recognize that the First

1   Amendment rights of credentialed journalists are no greater than the First
2   Amendment rights of "citizens," which encourages the police to mistreat
3   independent journalists and members of the public they encounter outside of that
4   context.

5

6   44.  These rights were clearly established long before the detentions, arrests,
7   seizure of Mr. Gagan's cellphone, and deletion of Mr. Gagan's videos that took
8   place in this case.  The Department of Justice filed a Statement of Interest in May
9   2012 in Sharp v. Baltimore City Police Department, et. al,  explaining that any
10  person has the right to photograph the police from a public sidewalk.

11

12  45.  In response to a civil rights lawsuit filed against it, the District of Columbia
13  Police Department promulgated a comprehensive policy in July 2012 that explained
14  that people have the right to photograph the police from a public sidewalk and
15  cannot be detained, hassled, or asked for their identification based on their lawful
16  First Amendment Activity.  The DC Police Department further specified to its
17  officers that it was unlawful to seize a cellphone based on recording members of the
18  department, and that a warrant was necessary to seize a cellphone or search its
19  contents.  Moreover, the policy of the DC Police Department specifically stated that
20  it was unlawful to delete the contents of a cellphone.  The Los Angeles Police
21  Department failed to adopt any such policy or adequately train its officers on the
22  requirements of the First Amendment.

23

24  46.    Based upon the principles set forth in *Monell v. New York City Department*
25  *of Social Services*, 436 U.S. 658 (1978), CITY is liable for all injuries sustained by
26  Plaintiff as set forth herein.  CITY bears liability because its policies, practices
27  and/or customs caused Plaintiff's injuries.  CITY and its officials maintained or
28  permitted one or more of the following official policies, customs, or practices:

11

1         A. Failure to provide adequate training and supervision to police officers

2    with respect to the First Amendment rights of the public to monitor and record

3    police activity;

4         B. Failure to adequately discipline or retrain officers involved in misconduct;

5         C. Selection, retention, and assignation of officers with demonstrable

6    propensities for misconduct;

7         D. Condonation and encouragement of officers in the belief that they can

8    violate the rights of persons such as Plaintiff with impunity, and that such conduct

9    will not adversely affect their opportunities for promotion and other employment

10   benefits;

11        E. Ratification by the highest levels of authority of the specific

12   unconstitutional acts alleged in this complaint.

13

14   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15   47. Plaintiffs have each filed a tort claim with the City of Los Angeles.

16

17   **FIRST CAUSE OF ACTION**

18   **Violation of the Fourth Amendment (42 U.S.C. §1983)**

19   **(Against All Defendants)**

20   48. Plaintiffs reallege and incorporate paragraphs 1-47 as if set forth herein.

21

22   49. Defendants' actions violated Plaintiffs' Fourth Amendment rights by subjecting

23   Plaintiffs to unlawful searches and seizures.   There was no lawful basis for

24   detaining or for arresting Plaintiffs Gagan and Nee.

25

26   50. Defendants' actions violated Plaintiff Gagan's Fourth Amendment rights by

27   seizing his phone, searching his phone, and seizing the videos on the phone by

28   deleting them.

51. Defendants' actions violated Plaintiff Gagan's Fourth Amendment rights by falsely arresting him, handcuffing and detaining him for over two days.

52.   Defendants' actions violated Plaintiff Nee's Fourth Amendment rights by falsely imprisoning him and transporting him to the police station in handcuffs, where he was then interrogated.

53. Defendants knew or should have known that their conduct in arresting and detaining Plaintiffs Gagan and Nee, and in seizing and searching Plaintiff Gagan's phone and destroying his videos, violated Plaintiffs' clearly established constitutional rights.

54. As a direct and proximate result of their arrest and detention, Plaintiffs suffered pain and suffering and physical harm.

## SECOND CAUSE OF ACTION
### Violation of the First Amendment (42 U.S.C. §1983)
### (Against All Defendants)

55. Plaintiffs reallege and incorporate paragraphs 1-54 as if fully set forth herein.

56. Defendants' actions violated Plaintiffs' rights to freedom of expression under the First Amendment to the United States Constitution by prohibiting Plaintiffs from exercising their constitutional right to free speech and expression in a public forum, as well as freedom of the press.

**THIRD CAUSE OF ACTION**

**Retaliation in Violation of the First Amendment (42 U.S.C. §1983)**

**(Against All Defendants)**

57. Plaintiffs reallege and incorporate paragraphs 1-56 as if fully set forth herein.

58. Defendants knew or should have known that both prohibiting the recording of police activity from a safe and non-obstructive distance, and retaliating against someone for exercising their First Amendment rights, were clearly established as violations of the First Amendment at the time of the incident.

59. Defendants' actions also violated Plaintiffs' First Amendment rights when they arrested them in retaliation for their statements insisting that they had a right to photograph from a public sidewalk that was located on the other side of a physical barrier a significant distance from the police activity. Plaintiffs had a First Amendment right to tell the officers about their First Amendment rights. It was unlawful to arrest them in response to this speech.

60. Defendants knew or should have known that retaliating against someone for asserting his First Amendment rights was a clearly established violation of the First Amendment at the time of the incident.

**FOURTH CAUSE OF ACTION**

**Violation of California Constitution Art. I §2, 3, Cal. Civ. Code 52.1**

**(Against All Defendants)**

61. Plaintiffs reallege and incorporate paragraphs 1-60 as set forth herein.

62. Defendants' actions violated Plaintiffs' right to freedom of expression and their right to information about the activity of public employees under the California

1  Constitution.

2

3  63.  Defendants used force, intimidation, and coercion and/or threats of force and
4  intimidation to violate Plaintiffs' right to freedom of expression. Lieutenant Gavin
5  detained Plaintiff Gagan as he tried to walk away, pushing him against the side of
6  the police car. Lieutenant Gavin also forcefully snatched and seized Mr. Gagan's
7  phone during an intimidating and  unlawful arrest. Lieutenant Gavin did these
8  things to prevent Mr. Gagan from exercising his constitutional rights and in
9  retaliation for his assertion of his constitutional rights.  This violated Plaintiff
10 Gagan's right to be free of threats, force, and intimidation in the exercise of rights
11 granted to Plaintiff by the U.S. and California constitutions.

12

13 64.  Sergeant Vidal, Officer Foster, Officer Palmer, and the Doe defendants also
14 used force, intimidation, and coercion and/or threats of force and intimidation to
15 violate Plaintiff Nee's right to freedom of expression.  Sergeant Vidal ordered that
16 Plaintiff Nee be detained because he was exercising his constitutional rights and in
17 retaliation for his assertion to Officer Foster of his constitutional rights.  Plaintiff
18 Nee was searched, handcuffed, and detained. Officer Palmer detained Plaintiff Nee
19 and held his arm, forcing him to stand by the fence to be frisked and to go over to
20 the patrol car and be searched again. Officer Foster kicked Plaintiff Nee's bag,
21 containing his camera equipment, after he was detained.

22

23                          **FIFTH CAUSE OF ACTION**
24      **Violation of California Constitution Art. I §13, Cal. Civ. Code 52.1**
25                          **(Against All Defendants)**
26 65.  Plaintiffs reallege and incorporate paragraphs 1-64 as set forth herein.

27

28 66.   Defendants' actions violated Plaintiffs' right to be free of unreasonable

                                    15

1   searches and seizures under the California Constitution.

2

3   67. Defendants used force, intimidation, and coercion and/or threats of force and
4   intimidation to unreasonably search and seize Plaintiff Gagan without a lawful
5   basis. Lieutenant Gavin used force to detain Plaintiff as he tried to move away;
6   Lieutenant Gavin did not allow Mr. Gagan to move along as he was telling him to
7   do. Lieutenant Gavin also took away Plaintiff's phone during an intimidating and
8   unlawful arrest. This violated Plaintiff's right to be free of threats, force, and
9   intimidation in the exercise of rights granted to Plaintiff by the U.S. and California
10  constitutions.

11

12  68. Sergeant Vidal, Officer Foster, Officer Palmer, and the Doe defendants also
13  used force, intimidation, and coercion and/or threats of force and intimidation to
14  unreasonably search and seize Plaintiff Nee without a lawful basis. Officer Palmer
15  held Plaintiff Nee's arm and directed him to remain by the fence and be frisked.
16  Officer Palmer continued to hold Mr. Nee's arm and detain him, and forced him
17  over to the patrol car to be searched again. Officer Foster kicked Plaintiff Nee's bag
18  after he was detained. Plaintiff Nee was taken into custody although there were no
19  outstanding warrants for his arrest and there was no basis to arrest him.

20

21                          **SIXTH CAUSE OF ACTION**
22              **FALSE ARREST AND/OR FALSE IMPRISONMENT**
23                          **(Against All Defendants)**

24  69.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs
25  of this complaint.

26

27  70.    Plaintiffs were arrested and/or imprisoned without reasonable or probable
28  cause to believe that they committed any crime. There was no warrant for the arrest

of either of the Plaintiffs.

71. Mr. Gagan was detained in the Los Angeles County Jail from September 29, 2012 to October 1, 2012. Mr. Nee was detained at the police station in handcuffs for about an hour and a half before he was released. The unjustified detention of the plaintiffs caused them emotional distress and pain and suffering.

## SEVENTH CAUSE OF ACTION
### Violation of Privacy Protection Act, 42 U.S.C. §2000aa(a)
### (Against the City of Los Angeles and Lieutenant Gavin)

72. Plaintiffs reallege and incorporate paragraphs 1-71 as set forth herein.

73. Defendants' actions violated Plaintiff Gagan's right to privacy protection under 42 U.S.C. §2000aa(a). That statute bars government officials from searching for and destroying documentary materials possessed by a person who plans to present those materials to the public.

74. Lieutenant Gavin, a government official employed by the City of Los Angeles, searched Plaintiff Gagan's phone and deleted the videos on it. Mr. Gagan was documenting police activity for the purpose of determining if the police were committing misconduct. Mr. Gagan would have disseminated this video publicly. Mr. Gagan was unable to document the police activity because he was arrested and detained, and Lieutenant Gavin searched for and attempted to destroy the video he had taken.

**EIGHTH CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

75.   Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this complaint.

76.   Defendants have a duty of care to plaintiffs to ensure that defendants did not cause unnecessary or unjustified harm to plaintiffs, and a duty of care to hire, train, supervise and discipline their officers and employees so as to not cause harm to plaintiffs and to prevent violations of plaintiffs' constitutional, statutory and common law rights.

77.   The above-described acts and omissions of defendants breached the duty of care defendants owed to the named individual plaintiffs.

78.   Plaintiffs were harmed as a result of the failure of the Defendants to hire, train, supervise, and discipline their officers appropriately.

**PRAYER FOR RELIEF**

79.   Plaintiffs therefore respectfully request that the court enter a judgment providing:

   a) a declaration that detentions and arrests based solely on photographing police activity are unlawful under the First and Fourth Amendments.

   b) a declaration that the Fourth Amendment applies to searches of the contents of a suspect's cellphone, even after the cellphone is seized;

   c) a declaration that it is unlawful to delete the contents of a suspect's cellphone;

   d) compensatory and statutory damages in an amount to be determined at

18

1   trial;

2     e) reasonable attorneys' fees and costs;

3     f) any other relief that might be just and proper.

4

5   Dated: November 1, 2013   Respectfully submitted,

6            Schonbrun, DeSimone, Seplow, Harris, Hoffman & Harrison

7            Law Office of Carol A. Sobel

8

9            By: CAROL A. SOBEL
             Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY TRIAL DEMAND

2      Plaintiffs hereby demand a jury trial.

3

4   Dated: November 1, 2013        Respectfully submitted,

5                                  Schonbrun, DeSimone, Seplow, Harris, Hoffman
                                   & Harrison
                                   Law Office of Carol A. Sobel
6

7

8                                  By: CAROL A. SOBEL
                                   Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dale S. Fischer_____ and the assigned Magistrate Judge is _____Suzanne H. Segal_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-8088-DSF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 1, 2013                    By  MDAVIS
_____                        _____
Date                                   Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| WILLIAM GAGAN, SHAWN NEE | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No. **CV 13 - 08088** -DSF (SSx) |
| CITY OF LOS ANGELES, CHIEF CHARLIE BECK, individually and in his official capacity, LIEUTENANT GAVIN, SERGEANT RUDY VIDAL, OFFICER FOSTER, OFFICER PALMER, DOES 1-10 | ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF LOS ANGELES, CHIEF CHARLIE BECK, LIEUTENANT GAVIN,
SERGEANT RUDY VIDAL, OFFICER FOSTER, OFFICER PALMER
C/O CITY CLERK
200 N. MAIN STREET
LOS ANGELES, CA. 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: PAUL L. HOFFMAN
SCHONBRUN DeSIMONE SEPLOW HARRIS HOFFMAN & HARRISON
732 OCEAN FRONT WALK
VENICE, CA 90291

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____11/01/2013_____          _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| William Gagan, Shawn Nee | City of Los Angeles, Chief Charlie Beck, Lt. Gavin, Sgt. Vidal, Officer Foster, Officer Palmer |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Schonbrun DeSimone Seplow Harris Hoffman & Harrison<br>732 Ocean Front Walk<br>Venice, CA 90291<br>t. 310 396-0731 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>City Attorney<br>City Hall East 6th Floor<br>200 N. Main Street<br>Los Angeles, CA 90012 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ tbd

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. sec. 1983 and 1st, 4th and 14th Amendments. Plaintiffs were arrested and detained while photographing LAPD activity in public places. In each instance, plaintiffs were at a significant distance from the police and behind a physical barrier.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:  CV13-08088

CV-71 (09/13)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | A PLAINTIFF? <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):  11-cv-08899 DDP

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s):  Nee v. County of Los Angeles

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** Carol A. Sobel   DATE: November 1, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |